UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

KEVIN DAMION CRICHLOW,

        Plaintiff,

        -against-

MICHAEL BUTCHEN, SUPERVISING ATTORNEY;
ROBERT MORGANTHAU, MANHATTAN, DISTRICT
ATTORNEY, N.Y.C.; MANHATTAN, A.D.A., N.Y.C. ;
JOHN DOE, DEFENDANT, D.O.C. N.Y.C.;
TWO CORRECTIONAL OFFICER'S, JOHN DOE AND
JANE DOE; N.Y.P.D. TWO JOHN DOES;
N.Y.P.D. WARRANT SQUAD; ANDREW, N.Y.P.D.
WARRANT SQUAD; RAFAEL RIVERA, N.Y.P.D.
WARRANT SQUAD; FERNANDEZ, N.Y.P.D.
EMERGECY SERVICE, 77 PCT.; JOHN DOE,
N.Y.P.D. EMERGENCY SERVICE, 77 PCT.;
JOHN DOE, N.Y.P.D. CRIME SCENE; P.O. KENNETH
MILLER, N.Y.P.D. CRIME SCENE; P.O. BENJAMIN
DINKINS; N.Y.P.F.D. KEVIN O'DONNELL;
BUREAU OF FIRE DEPARTMENT INVESTIGATOR
ASSISTING N.Y.F.D. FIRE MARSHAL, ASSIGNED;
 ROBERT CANALE #CITYWIDE; N.Y.F.D. KETH JULES,
INVESTIGATOR ASSISTING N.Y.F.D. ; FF. COLIN
PHILLIPS BAT; N.Y.F.D. LT. GUGLIANOTTE, E-234;
A.D.A. RICHARDSON, KINGS COUNTY BROOKLYN;
N.Y.F.D. 903158, DONLON MICHAEL, J. BATTALION
CHIEF; N.Y.P.D. LOPEZ 77 PCT. BROOKLYN;
N.Y.F.D. (UNIT RESPONSIBLE, BC38); N.Y.F.D. JOHN
DOE; N.Y.F.D JOHN-DOE L, 123, ASSIST ENGINE;
N.Y.F.D. JOHN-DOE E, 234, ASSIST ENGINE;
N.Y.F.D JOHN-DOE L. 132, ASSIST ENGINE;
N.Y.F.D JOHN-DOE. E, 235, ASSIST ENGINE;
N.Y.F.D. JOHN-DOE L, 113, ASSIST ENGINE;
N.Y.F.D. JOHN-DOE BC57 ENGINE ASSIST;
N.Y.F.D. JOHN-DOE. R502 ENGINE ASSIST;
N.Y.F.D. JOHN-DOE L111 ENGINE ASSIST;
N.Y.F.D. JOHN-DOE; KINGS COUNTY HOSPITAL
CENTER, DOCTOR JOHN DOE; KINGS COUNTY
HOSPITAL CENTER, JOHN DOE; KINGS COUNTY
HOSPITAL CENTER, JOHN DOE;
CHARLES J. HYNES, DISTRICT ATTORNEY

09-CV-4398 (ARR)

**MEMORANDUM
AND ORDER**

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

OFFICE, KINGS COUNTY;
MATTHEW DOEBLER, A.D.A. KINGS COUNTY;
JOEL'S S. MEDOWS,#18-B, ATTORNEY AT LAW (18 T-B)
ALAN ROSENBERG,#ATTORNEY AT LAW,
KINGS COUNTY, DEFENDER SERVICES;
LINDA HOFF,#ATTORNEY AT LAW, KINGS COUNTY,
DEFENDER SERVICES; MARTIN F. HORN,
JOHN-DOE, WATCH. COMMANDER OF CENTRAL
BOOKING, KING'S COUNTY; FEMALE. OFFICER,
JOE-DOE, 2ND FLOOR MATERNITY, CENTRAL BOOKING,
KING'S COUNTY; JOHN-DOE, FINGER PRINTING,
OFFICE, CENTRAL BOOKING, KING'S COUNTY;
THOMAS R. FRIDEN, MD. MPH, COMM, N.Y.C.
HEALTH & HOSPITAL CORP.; JANE DOE &JOHN DOE
BOTH (E.R.N.) KING'S COUNTY HOSPITAL; JANE DOE &
JOHN DOE E. M.S. UNIT, N.Y.C. HEALTH & HOSPITAL CORP.;
JOHN DOE (1) AND JOHN DOE (2) WARRANT SQUAD
/CENTRAL BOOKING KING'S COUNTY; JOHN DOE,
N.Y.F.D. M.D. AT CRIME SCENE, KINGS COUNTY;
A.D.A.,FARIN CHASIN, KINGS COUNTY;
JOHN-DOE N.Y.P.D. 28 PCT.;JOHN DOE (1)
AND JOHN DOE (2) N.Y.P.D. PATROL, BOROUGH,
MANHATTAN NORTH 24 PCT.; JOHN DOE & JANE
DOE# KING'S COUNTY HOSPITALSOCIAL SERVICES;
SUPERINTENDENT # DILVER CHICUS,
238 NEW YORK AVENUE BUT WORK FOR A.H.R.E.
REALTY #; JOHN DOE, N.Y.P.D. HELICOPTER;
N.Y.C.F.D. FIRE COMMISSIONER, # NICHOLAS
SCOPPETTA; N.Y.P.D JOHN DOE (1) & JOHN DOE (2)
INTERNAL AFFAIRS; COMM. HORN. D.O.C.,

                         Defendants.
------------------------------------------------------------------x

ROSS, United States District Judge:

Plaintiff, Kevin Damion Crichlow, proceeding *pro se,* and currently incarcerated at Wende

Correctional Facility brings this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1981. For the

reasons set forth below, plaintiff's complaint is dismissed in part, and plaintiff is granted thirty

(30) days leave from the date of this order to amend his complaint with respect to the claims

outlined below.

## BACKGROUND

The instant complaint names fifty-seven defendants. Plaintiff alleges false arrest, malicious prosecution and excessive use of force during two arrests. Plaintiff does not specify the date of the first incident, but annexes a copy of a complaint that he made to the New York Civilian Complaint Review Board ("CCRB") in regard to this incident. That report states that plaintiff was arrested on July 20, 2006. See Complaint Report from the Civilian Complaint Review Board ("CCRB"), dated April 18, 2007, annexed to Compl. In the course of the arrest, plaintiff alleges that police officers "maced" him with a can of hot sauce and "brutally beat[] [plaintiff] in head and back and legs with abrasion all over [plaintiff's] body. Compl., Statement of Claim at 22.[2] Although the timing is unclear, plaintiff alleges that at a subsequent grand jury hearing, defendant Michael Butchen ("Butchen"), his criminal attorney, and the Assistant District Attorney told him that the victim was present and ready to testify against plaintiff. Compl., Statement of Claim at 22-23. Plaintiff alleges that as a result of that statement, he accepted the Assistant District Attorney's offer of incarceration for one year. Plaintiff further alleges that Butchen and the Assistant District Attorney lied to him, as plaintiff later discovered that the victim was not in court that day. Id; See CCRB Report, dated April 18, 2007, annexed to Compl.

Plaintiff's remaining allegations stem from his January 27, 2007, arrest in Brooklyn, New York. On that day, Detective Rafael Rivera ("Rivera") went to plaintiff's apartment to arrest him pursuant to a bench warrant. Compl., Statement of Claim at 25-30. Rivera knocked on plaintiff's door and identified himself as a police officer, although plaintiff alleges that Rivera did not identify himself as a police officer. Plaintiff refused to open the door, citing earlier incidents of attempted robbery at his home. Thereafter, Rivera noticed flames coming out of plaintiff's

---

[2] The court has paginated plaintiff's complaint for ease of reference.

apartment. Plaintiff escaped the apartment by climbing out of his bathroom window. Plaintiff then broke into an adjoining apartment. Plaintiff sustained injuries from cutting himself on the bathroom window as he was fleeing. He alleges that the fire was an accident. Compl., Statement of Claim at 36. However, a subsequent investigation by the New York City Fire Department revealed that the fire was started by plaintiff in an attempt to evade the police. See Fire Department New York Incident Report, annexed to Compl.

Plaintiff alleges that when he was apprehended on January 27, 2007, Rivera and two other officers physically assaulted him, causing injury to his head, back, and body, and used discriminatory language regarding his race and hearing impairment. Compl., Statement of Claim at 29. Finally, plaintiff states that despite being hearing impaired, he was forced to go to trial without his hearing aids. Plaintiff seeks, *inter alia*, monetary damages and release from incarceration. Compl., at V.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the District Court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, the District Court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). See also Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

4

Furthermore, a district court shall dismiss an in forma pauperis action where the court is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy" or based upon "an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quotations and citations omitted).

Because plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings, and must interpret his complaint to raise the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

To prevail on a § 1983 claim, a plaintiff must show (1) conduct attributable to a person acting under color of state law, and (2) conduct that deprived plaintiff of a right secured by the Constitution or the laws of the United States. See Hayut v. State Univ. of N.Y., 352 F.3d 733, 743-44 (2d Cir. 2003).

## DISCUSSION

I.    Plaintiff's Claims Against Robert Morgenthau, Charles J Hynes, Nicholas Scoppetta and Commissioner Horn

Plaintiff names Robert Morgenthau, the District Attorney of New York County; Charles J Hynes, the District Attorney of Kings County; Nicholas Scoppetta, the Fire Commissioner of New York; and Martin Horn, the Commissioner of the New York Department of Correction, as defendants. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1991)). Personal involvement of a supervisory official in a § 1983 violation may be established by showing that: (1) the official participated directly in the violation; (2) the official, after learning of the violation through a report or appeal, failed to remedy the wrong; (3) the official created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the official was grossly negligent in supervising subordinates who caused the unlawful condition or event; or (5) the official exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. Back v. Hastings on Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004) (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)); Washington v. Kelly, No. 03 Civ. 4638, 2004 WL 830084, at *3 (S.D.N.Y. April 13, 2004).

Here, plaintiff simply names defendants Morgenthau, Hynes, Scoppetta and Horn in the caption of the complaint. Plaintiff's complaint fails to allege facts demonstrating that these defendants had any direct involvement with, knowledge of, or responsibility for the alleged

deprivation of plaintiff's civil rights. Accordingly, plaintiff's claims against Morgenthau, Hynes, Scoppetta and Horn are dismissed. 28 U.S.C. § 1915A(b).

II.    Plaintiff's False Arrest Claims

Under New York law, the elements of false arrest are: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir.1994)). "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest whether that action is brought under state law or under § 1983." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (internal citation and quotation marks omitted).  Moreover, a conviction of the plaintiff that follows directly from the arrest is viewed as establishing the existence of probable cause. Cameron v. Fogarty, 806 F.2d 380, 387, 388-89 (2d Cir. 1986).

The statute of limitations for a § 1983 civil rights action in New York is three years, see Owens v. Okure, 488 U.S. 235, 251 (1999), and accrues for a false arrest claim at the time of arrest. See Wallace v. Kato, 549 U.S. 384, 397 (2007) ("the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").

If plaintiff's first arrest did in fact take place on July 20, 2006, his claim for false arrest based on such an arrest would be time barred. Id.  However, because plaintiff did not indicate the actual date of the arrest in the Statement of Claims section of his complaint, the Court will grant

7

plaintiff thirty (30) days leave from the entry of this order to amend his complaint to clarify the date of the arrest which forms the basis for the first false arrest claim. Plaintiff is informed that an amended complaint does not simply add to the original complaint, it completely replaces the original. Therefore, plaintiff should include the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

Plaintiff's false arrest claim based on the January 27, 2007 arrest is not time barred, and thus the action should be allowed to proceed.[1]

III.    Plaintiff's Malicious Prosecution Claims

Claims for malicious prosecution, brought under Section 1983 to vindicate the Fourth Amendment right to be free from unreasonable seizure, are "substantially the same" as claims for malicious prosecution brought under state law. Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir.2003). For a plaintiff to prevail on a claim of malicious prosecution under New York law, he or she must show that: (1) the defendant commenced or continued a criminal proceeding against plaintiff; (2) the proceeding was terminated in favor of the plaintiff; (3) there was no probable cause for the proceeding; and (4) the proceeding was instituted with malice. Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir.2003) (citations omitted). Plaintiff has failed to show that any

---

[1] While the Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Heck v. Humphrey, 512 U.S. 477, 489 (1994), there is no clear indication from the complaint that plaintiff's two convictions necessarily resulted from the circumstances of his two allegedly improper arrests. See, e.g., Wiley v. City of Chicago, 361 F.3d 994, 997 (7th Cir. 2004) ("If, as alleged, [plaintiff] was arrested and prosecuted *solely on the basis* of drugs planted by the arresting officers, then any attack on the arrest would necessarily challenge the legality of a prosecution premised on the planted drugs.") (emphasis added).

8

proceedings against him were terminated in his favor. Accordingly, these claims are dismissed. 28 U.S.C. § 1915A(b).


IV.    Plaintiff's Excessive Force Claims

Claims that law enforcement officers have used excessive force in the course of an arrest are analyzed "under the Fourth Amendment and its 'reasonableness' standard." Kerman v. City of New York, 261 F.3d 229, 238- 39 (2d Cir. 2001) (citation omitted). Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is "objectively unreasonable in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motivation." Jones v. Parmley, 465 F.3d 46, 61 (2d Cir. 2006) (citation omitted). Determining whether excessive force has occurred requires a court to weigh the "facts and circumstances of each particular case, including the crime committed, its severity, the threat of danger to the officer and society, and whether the suspect is resisting or attempting to evade arrest." Id.

The complaint as presently pled, alleges sufficient facts to allow plaintiff's cause of action for excessive use of force to proceed. However, upon review of plaintiff's complaint, the Court notes that plaintiff names fifty-seven defendants in the caption of his complaint, yet makes no factual allegations against most of these defendants in the body of the complaint.

Accordingly, the Court will grant plaintiff thirty (30) days leave from the entry of this order to amend his complaint to clarify his excessive force claim and to name the individuals responsible for the alleged excessive force.

As stated above, an amended complaint does not simply add to the original complaint, it completely replaces the original. Therefore, plaintiff should include the necessary information that was contained in the original complaint including the dates and locations of all relevant events giving rise to his claim of excessive force. Furthermore, a claim of excessive force must be commenced within three years from the time plaintiff becomes detained pursuant to the legal process. See Wallace, 549 U.S. at 384. Should plaintiff file an amended complaint, plaintiff must also identify, as best he can, the individual defendant(s) who were personally involved in the events that he claims violated his rights. Wright, 21 F.3d at 501. Moreover, plaintiff is informed that a defendant who occupies a supervisory position cannot be found liable solely on the basis of his supervisor status. Id. at 501. If plaintiff does not know the true identity of an individual defendant, he must provide as much detail as possible, including a physical description of each defendant, whether the defendant was a man or a woman, what position or job each defendant held and place of employment, so that each defendant may be identified. Plaintiff shall refer to any unidentified defendant as John or Jane Doe. Without this information the Court will not be able to identify, locate and serve proper defendants. As stated above, the amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

## V.    Plaintiff's Remaining Claims

Plaintiff also brings 42 U.S.C. §§ 1985 and 1981 claims. Compl. at 19. Plaintiff has not alleged any facts which would support a claim under §§ 1985. In order to make out a violation of § 1985(3), a plaintiff "must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving either directly or indirectly, any person or class of persons of the equal

10

protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Brotherhood of Carpenters v. Scott, 463 U.S. 825, 828-29 (1983). With respect to the second element, a plaintiff must show that the conspiracy was motivated by, "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Id. (internal quotations omitted); see also Posr v. Court Officer Shield No. 207, 180 F.3d 409, 419 (2d Cir. 1999). Plaintiff's conspiracy claim is without any factual foundation, and therefore fails. See Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003) (holding that broad allegations of conspiracy are insufficient; the plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end"). Plaintiff has similarly failed to state a claim under Section 1981.[2] Accordingly, these claims are dismissed. 28 U.S.C. § 1915A(b).[3]

## CONCLUSION

Accordingly, plaintiff's claim against Robert Morgenthau, Charles J. Hynes, Nicholas Scoppetta and Martin F. Horn is dismissed, as is plaintiff's claim against Michael Butchen. 28 U.S.C. § 1915A(b). No summons shall issue as to these defendants, and the Clerk of Court shall delete these names from the caption of the complaint. Additionally, plaintiff's claims for malicious prosecution are dismissed. 28 U.S.C. § 1915A(b), 1915(e)(2)(B).

---

[2] That section states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981.

[3] Plaintiff also names his defense attorney following his first arrest, Michael Butchen, as a defendant, alleging that his counsel played a role in convincing him to take a plea offer based on false information, purportedly as part of the abovementioned conspiracy. Compl. at 23. However, to the extent plaintiff is alleging ineffective assistance of counsel, plaintiff's causes of action are the improper vehicle for such a claim. Accordingly, this claim is also dismissed. 28 U.S.C. § 1915A(b).

Plaintiff is given thirty (30) days leave from the date of this order to replead his false arrest claims as well as his excessive use of force claims. If plaintiff fails to amend his complaint, the action will be dismissed without prejudice. All further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

ALLYNE R. ROSS
United States District Judge

Dated:    Brooklyn, New York
           November 20, 2009

Service List:

**Plaintiff (pro se):**

Kevin Damion Crichlow
#08-A-3511
P.O. Box 1187
3622 Wende Road
Alden, NY 14004
PRO SE